IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | FILED: OCTOBER 27, 2008 |
| | ) | 08CV6153 |
| Plaintiff, | ) | JUDGE NORDBERG |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) | RCC |
| | ) | |
| REDLINE RECOVERY SERVICES, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Nicholas Martin ("Plaintiff"), brings this action to secure redress against unlawful credit and collection practices engaged in by Defendant Redline Recovery Services, LLC ("Redline"). Plaintiff alleges individually and on behalf of a class violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o ("FDCPA") based on Redline's systematic failure in voice messages left for the consumer to identify itself by its company name and to inform the consumer that the communication is an attempt to collect a debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1640.

3. Venue and personal jurisdiction over Redline in this District is proper because:

    a. Plaintiff resides in the District;

    b. Redline transacts business in the District; and

    c. Redline communications via the telephone lines were directed to Plaintiff within the District.

## PARTIES

4. Plaintiff is an individual who resides in Cook County, Illinois that is located within the District.

5. Defendant Redline Recovery Services, LLC, is a limited liability company chartered under Georgia law with offices at 1145 Sanctuary Pkwy., Ste. 350, Alpharetta, GA 30009-4756 and 2350 N. Forest Rd., Ste. 31B, Getzville, NY 14068-1398. It does business in Illinois. Its registered agent and office in Illinois are LexisNexis Document Solutions, 801 Adlai Stevenson Dr., Springfield, IL 62703-4261.

## FACTS

6. Plaintiff incurred a debt for personal, household or family purposes.

7. On or about September 15, 2008, Redline attempted to contact Plaintiff via the telephone.

8. Redline's representative left Plaintiff a voice message.

9. Redline's representative used the name "Mrs. Edmund" (phonetic) in the voice message.

10. Mrs. Edmund did not state the name of the company from which she was calling on behalf of.

11. Mrs. Edmund did not state that she was calling in an attempt to collect a debt.

12. The voice message requested, in part, for Plaintiff to call the telephone number 1-866-388-4208.

13. The phone number 1-866-388-4208 is used by Redline.

14. Redline engages in a systematic practice of leaving messages for consumers requesting the consumer to contact Redline but that do not identify at all the name of the company calling and do not state that it is an attempt to collect a debt.

## COUNT I
## FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS

15. Plaintiff incorporates paragraphs 1-14 above.

16. 15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

17. 15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

18. Redline's voice message was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v.Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

19. Redline's voice message to Plaintiff did not make a meaningful disclosure of the caller's identity.

20. It is impossible to determine the identity of entity that left the voice message solely by the content of the voice message.

21. Redline's voice message failed to disclose that the communication was from a debt collector.

## CLASS ALLEGATION

22. Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

23. The class consists of (a) all natural persons (b) for whom Redline's representative "Mrs. Edmund" left a telephone message (c) not more than one minute in length (d) during a period beginning October 27, 2007 and ending October 27, 2008.

24. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

25. The predominate question is whether such scripted voice messages violates the FDCPA.

26. Plaintiffs' claims are typical of the claims of the class members in that the messages are all based on the same factual and legal theories.

27. The class is no numerous that joinder of all the members is impractical.

28. On information and belief there are 40 persons who are identified by the class definition above.

29. Plaintiff will fairly and adequately represent the members of the class.

30. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

31. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Redline's course of conduct affects a large group of individuals;

    b. Individual actions are not economical;

    c. Congress contemplated class actions as a means of enforcing the FDCPA; and

    d. The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against Redline for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     cwarner@warnerlawllc.com

Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)