# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>REDLINE RECOVERY SERVICE LLC,<br><br>  Defendant. | Case No. 08 C 6153<br><br>Judge Nordberg<br><br>Magistrate Judge Cole |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, REDLINE RECOVERY SERVICES LLC, ("Redline") by and through its attorneys David M. Schultz and Nabil G. Foster of Hinshaw & Culbertson LLP, states the following in response to Plaintiffs' Interrogatories:

**INTERROGATORY NO. 1.** Excluding any partner, attorney or employee of GRADY PILGRIM CHRISTAIS BELL LLP, state the name, address, title and job description of each person who assisted in answering Plaintiff's Amended Complaint, Document Requests, Interrogatories and Requests for Admission:

  a. identify each paragraph that person assisted in responding to;

  b. identify each person they obtained information or documents from in responding to the paragraph; and

  c. identify all documents relied upon in responding to that paragraph.

**ANSWER:** Greg Paulo, President. Redline relied upon the information contained in its computer systems to answer these interrogatories.

**INTERROGATORY NO. 2.** If Redline's response to an allegation in Plaintiff's Amended Complaint was a denial, please state all facts upon which that denial is based upon.

**ANSWER:** Where Redline states that it lacks information to admit an allegation, Redline lacks information to admit the allegation and therefore denies the allegation. Where

Redline denies an allegation in the Amended Complaint, the relevant allegations are incorrect, misleading, and/or asserting a legal conclusion with which Redline does not agree.

**INTERROGATORY NO. 3.** State the factual basis for each and every affirmative defense raised by Redline and identify to which affirmative defense each fact is applicable to, including the affirmative defense that any violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error and state the date such a procedure was in place, identify what procedures are maintained and how they are adapted to avoid the matters complained of and how that procedure was provided to all persons who left a voice message for Plaintiff.

**ANSWER:** Redline trains its employees to contact individuals in manners to avoid a violation of the FDCPA. Redline had these procedures and policies in place at the times when Plaintiff alleges he was called by Redline. All Redline employees that worked on contacting Plaintiff received training on Redline's procedures and policies regarding contacting individuals. Scheriecka Edmonds ("C465") received Redline's training and Redline produces recordings of Ms. Edmonds leaving messages regarding other accounts that demonstrate her adherence to the policies and procedures for Redline. See CD ROM disk bates numbered RL 00001

**INTERROGATORY NO. 4.** Identify each person that you believe could testify in support of each and every affirmative defense Redline has asserted, including each person who could be called as an witness or expert witness and state the subject matter on which you believe each such person could testify.

**ANSWER:** The following employees could testify about the reasonable procedures and employee training at Redline relating to contacting debtors and avoiding violations of the FDCPA: Jim Gurney, a trainer for Redline; Crystal Bowles a trainer for Redline; Robert Lovely, Compliance Director for Redline; and Larry Burke, a compliance officer for Redline.

**INTERROGATORY NO. 5.** Please identify all persons acting on behalf of Redline that left a voice message intended for Plaintiff by stating their full legal name and desk

alias, if used, along with their current address, and state the date the voice message was left by each person.

**ANSWER:** Scheriecka Edmonds ("C465") is an employee of Redline. Michelle Culverwell ("C402") is an employee of Redline. Ms. Edmonds left a message for the Plaintiff at (630) 479-3271 on 9/15/08. Ms. Culverwell left a message for Plaintiff at (630) 479-3271 on October 11, 20, 27, 30 and Nov. 3, 2008. As Ms. Edmonds and Ms. Culverwell are current employees of Redline, contact with each of them may be made through the office of Redline's undersigned counsel. The following table lists all the phone calls its collectors (Ms. Edmonds and Ms. Culverwell) placed to (630) 479-3271. Ms. Edmonds and Ms. Culverwell were the only collectors from Redline working on this account. No messages were left on 9/02/08 or 9/10/08. On information and belief no message was left on 11/13/08.

| Date | Time | Duration | Dialed | City | State |
|---|---|---|---|---|---|
| 09/02/2008 | 16:01 | 00:00:06 | 16304793271 | NORTHBKCEL | IL |
| 09/10/2008 | 16:26 | 00:00:24 | 16304793271 | NORTHBKCEL | IL |
| 09/10/2008 | 16:40 | 00:00:24 | 16304793271 | NORTHBKCEL | IL |
| 09/15/2008 | 14:03 | 00:01:18 | 16304793271 | NORTHBKCEL | IL |
| 10/11/2008 | 09:11 | 00:00:54 | 16304793271 | NORTHBKCEL | IL |
| 10/13/2008 | 13:50 | 00:01:24 | 16304793271 | NORTHBKCEL | IL |
| 10/20/2008 | 15:06 | 00:01:06 | 16304793271 | NORTHBKCEL | IL |
| 10/27/2008 | 11:42 | 00:00:36 | 16304793271 | NORTHBKCEL | IL |
| 10/30/2008 | 10:50 | 00:00:30 | 16304793271 | NORTHBKCEL | IL |
| 11/03/2008 | 11:36 | 00:01:12 | 16304793271 | NORTHBKCEL | IL |
| 11/13/2008 | 13:32 | 00:01:12 | 16304793271 | NORTHBKCEL | IL |

**INTERROGATORY NO. 6.** Please state the number of persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**ANSWER:** Objection. This interrogatory is unduly burdensome. Subject to and without waiving this objection, Ms. Edmonds was the employee who left a message for the

3

Plaintiff on September 15, 2008. Ms. Edmonds worked for Redline from June 9, 2008 to January 20, 2009; thus, she was not making phone calls on behalf of Redline for over seven months of the requested period of time. Within the relevant 5 month period when Ms. Edmonds was making phone calls on behalf of Redline, Ms. Edmonds worked on approximately 265 accounts located in Illinois, Indiana or Wisconsin. Redline believes Ms. Edmonds left approximately messages for 188 of these accounts; however, Redline has not yet been able to confirm whether these messages were left on phone numbers with an area code associated with Illinois, Indiana or Wisconsin, but Redline is working diligently and will supplement its answer with the results of its best efforts as soon as possible.

**INTERROGATORY NO. 7.** Please state the number of persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008, where Redlines computer records show that the message was over one minute in length.

**ANSWER:** Ms. Edmonds was the employee to left a message for the Plaintiff on September 15, 2008. Ms. Edmonds worked for Redline from June 9, 2008 to January 20, 2009; thus, she was not making phone calls on behalf of Redline for over seven months of the requested period of time. Within the relevant 5 month period when Ms. Edmonds was making phone calls on behalf of Redline, Ms. Edmonds worked on approximately 265 accounts located in Illinois, Indiana or Wisconsin. Redline believes Ms. Edmonds left approximately messages for 188 of these accounts; however, Redline has not yet been able to determine whether any of those messages were over one minute in length, but Redline is working diligently and will supplement its answer with the results of its best efforts as soon as possible.

6415688v1 896948 33

**INTERROGATORY NO. 8.** Please identify all persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008, whose debt was not incurred for personal, household or family purposes.

**ANSWER:** Objection. This interrogatory requests the disclosure of the identities of individuals who may owe debts or who currently owe debts and thereby are protected from disclosure to a third party under the FDCPA. Accordingly, Defendant cannot disclose this information as such disclosure may constitute a violation of the FDCPA. Subject to and without waiving its objections, Defendant is not in possession of information about the purpose of the debts incurred by the debtors contacted by Ms. Edmonds; thus, Redline is unable to answer this interrogatory as it is asked. Subject to and without waiving its objections, see also Redline's answer to interrogatory # 6.

**INTERROGATORY NO. 9.** Please state Redline's current net worth describing Redline's assets and their value and Redlines liabilities and their amounts and the date its financial statements were last audited.

**ANSWER:** Objection. This interrogatory seeks irrelevant information as no class has yet been certified. Moreover, this type of confidential and proprietary information cannot be disclosed without a protective order as the public disclosure of this information would harm Redline's business interests.

**INTERROGATORY NO. 10.** State whether information regarding a consumer is retrievable by computer, and if so, state each field by which data is searchable or retrievable, whether the telephone numbers of the consumer is able to be determined, and whether the computer can identify that a voice message was over one length in duration.

**ANSWER:** Defendant's uses computers to store account and debtor information received from its clients. Defendant can perform certain queries by telephone number and can

5

query its data by call duration and by voice mail code. The computer cannot identify whether a voice mail message was actually longer than one minute in length. The computer records available can only provide the total length of the connected call from the time the call is dialed to the time the phone system recognizes the call has terminated.

**INTERROGATORY NO. 11.** Identify all trade associations relating to debt collection that Redline belongs to and identify any and all documents received by Redline from any trade association relating to debt collection that addressed any requirement or prohibition of leaving voice messages with a consumer.

**ANSWER:** Objection. This interrogatory seeks irrelevant information, is overbroad, and unduly burdensome as it is not restricted in scope or time. Subject to and without waiving these objections, Redline belongs to the ACA and receives information from ACA on a regular basis.

**INTERROGATORY NO. 12.** If your response to any of the requests for admission is anything other than an unqualified admission, please state the factual, and if applicable the legal basis for your denial.

**ANSWER:** Redline's denials of certain requests for admission are based upon Redline's disagreement with the legal conclusion contained in those requests, Redline's lack of sufficient information or Redline's information/belief that the request is incorrect.

**INTERROGATORY NO. 13.** If Redline denies that it is a "debt collector", then for the time period September 1, 2007, to September 1, 2008, please state:

    a.    the number of debts Redline attempted to collect;

    b.    the number of those debts that were not in default at the time of Redline's attempted collection;

    c.    the number of those debts Redline was attempting to collect that Redline has documentary proof that the debt was not incurred primarily for personal, family, or household purposes.

**ANSWER:** Objection. This interrogatory seeks irrelevant information, is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The information requested by this interrogatory has no relationship to this Plaintiff or the issues in this case. Redline has not been asked whether or not it is a debt collector. Moreover, Redline lacks information about the Plaintiff's debt in this case to determine whether it was incurred for personal, household or family purposes. Until this information is proved by the Plaintiff, there is no basis for the application of the FDCPA and no one can determine whether Redline would fulfill the definition of a "debt collector" under the FDCPA.

**INTERROGATORY NO. 14.** For every abbreviation or code that appears in any collection notes related to the debt or Plaintiff, please state the full word and meaning of the abbreviation or code.

**ANSWER:** See the abbreviations and Redline's translation below:

dtr = debtor

poe = place of employment

Tel = telephone

Res = residence

clld = called

hm = home

prsn = person

p/u = pick up

h/u = hung up

nml = no message left

mchn = machine

SKPD = skip tracing performed on account

cb = call back

Date: March 4, 2009

Respectfully submitted,

By: _____

One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 4th day of March 2009.

|   | |
|---|---|
| ___ CM/ECF<br>_X_ Facsimile<br>___ Federal Express<br>_X_ Mail<br>___ Messenger | *Attorneys for Plaintiff(s)*<br>Curtis C. Warner<br>Warner Law Firm, LLC<br>Millennium Park Plaza<br>155 N. Michigan Ave. Ste. 737<br>Chicago, IL 60601<br>312.238.9820<br>312.638.9139 FAX<br>e-mail: cwarner@warnerlawllc.com |

and

|   |   |
|---|---|
| ___ CM/ECF<br>___ Facsimile<br>___ Federal Express<br>_X_ Mail<br>___ Messenger | Alexander Holmes Burke<br>Burke Law Offices LLC<br>155 N. Michigan Ave. Suite 732<br>Chicago, IL 60601<br>Phone No: (312) 729-5288<br>E-mail Address: aburke@burkelawllc.com |

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
     nfoster@hinshawlaw.com

_____
Nabil G. Foster
One of the Attorneys for Defendant

9

6415688v1 896948 33

## VERIFICATION

I, Greg Paulo, President of Redline Recovery Services Inc., state under penalty of perjury, that the foregoing responses to interrogatories and the facts contained therein are true and correct to the best of my personal knowledge and belief.

3-4-09

Date

*Gregory Paulo* (signature)

Greg Paulo