IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RED LINE RECOVERY SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Case No. 08 C 6153<br><br>Judge Nordberg<br><br>Magistrate Judge Cole |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant, REDLINE RECOVERY SERVICES, LLC, ("Redline") by and through its attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, states the following for its Response to Plaintiff's Request for Document Production:

1. All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

**RESPONSE:** Redline will produce its account notes for inspection at a mutually convenient time and subject to an appropriate order of protection to prevent public disclosure of Redline's proprietary trade secret methodologies, techniques, and information regarding its business. See Redline's call report data sheet, bates numbered RL000002 for relevant information concerning telephone calls to Plaintiff at (630) 479-3271 by Redline's employees Scheriecka Edmonds and Michelle Culverwell.

2. All transcripts of any deposition in which Redline has discussed or referred to any bona fide error defense raised in any case of which Redline sued under the Fair Debt Collection Practices Act alleging a violation of either 15 U.S.C. § 1692d(6) or 15 U.S.C. § 1692e(11).

**RESPONSE:** Objection. This request seeks irrelevant information not related to this case or this Plaintiff. This request is also overbroad as it is not restricted in scope or time. Subject to and without waiving these objections, Redline is not in possession of documents responsive to this request.

3. All affidavits submitted to any court in which Redline discussed or referred to any bona fide error defense raised in any case of which Redline was sued under the Fair Debt Collection Practices Act alleging a violation of either 15 U.S.C. § 1692d(6) or 15 U.S.C. § 1692e(11).

**RESPONSE:** Objection. This request seeks irrelevant information not related to this case or this Plaintiff. This request is also overbroad as it is not restricted in scope or time. Subject to and without waiving these objections, Redline has found no responsive affidavits.

4. All documents that refer to, relate to, or reflect information responsive to Plaintiff's Interrogatories to Redline.

**RESPONSE:** Objection. This request is vague, overbroad, unduly burdensome and is not restricted in scope or time. Subject to and without waiving these objections, Redline will produce relevant documents for inspection at a mutually convenient time and subject to an appropriate order of protection to prevent public disclosure of Redline's proprietary trade secret methodologies, techniques, and information regarding its business.

5. All manuals, memoranda, instructions and other documents which discuss, describe or set forth Redline's standards, criteria, guidelines, policies or practices relating to leaving a voice message for a consumer.

**RESPONSE:** Redline will produce relevant portions of its employee manual and training materials for inspection at a mutually convenient time and subject to an appropriate

order of protection to prevent public disclosure of Redline's proprietary trade secret methodologies, techniques, and information regarding its business.

6. The complete personnel file of the person who left a voicemail for Plaintiff on September 15, 2008.

**RESPONSE:** Objection. This request seeks irrelevant information, information protected from disclosure and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Redline will produce relevant portions of the relevant employment file.

7. The complete personnel file of the person who left a voicemail for Plaintiff on October 27, 2008.

**RESPONSE:** Objection. This request seeks irrelevant information, information protected from disclosure and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Redline will produce relevant portions of the relevant employment file.

8. All documents, irrespective of date, relating to any judicial, state or federal or administrative, or arbitration proceeding in which Redline was alleged to have violated either 15 U.S.C. § 1692d(6) or 15 U.S.C. § 1692e(11).

**RESPONSE:** Objection. This request seeks irrelevant information not related to this case or this Plaintiff. This request is also unduly burdensome and overbroad as it is not restricted in scope or time.

9. All documents, irrespective of date, which constitute or reflect any communications between at least one of the Defendants and the Better Business Bureau, FTC, or

3

States Attorney General's office in which Redline was alleged to have violated either 15 U.S.C. § 1692d(6) or 15 U.S.C. § 1692e(11).

**RESPONSE:** Objection. This request seeks irrelevant information not related to this case or this Plaintiff. This request is also unduly burdensome and overbroad as it is not restricted in scope or time.

10. All agreements authorizing Redline to conduct collection activities with respect to Plaintiff.

**RESPONSE:** After a reasonable search and effort to locate documents, Redline has not yet found any responsive documents. Investigation continues.

11. Any and all documents that Redline intends to use to support of Redline's defense in this case.

**RESPONSE:** Any document produced by Redline, Plaintiff or any third party may be used to support Redline's defense in this case.

12. Any and all documents that Redline intends to use to support any motion it intends to file in this case.

**RESPONSE:** Any document produced by Redline, Plaintiff or any third party may be used to support any motion Red Line may file.

13. All documents and things identified, used or relied upon in preparation of any response to Plaintiff's Complaint.

**RESPONSE:** See Redline's response to requests # 1, 4, & 5.

14. All documents and things identified, used or relied upon in preparation of any response to Plaintiff's Requests for Admission.

**RESPONSE:** See Redline's response to requests # 1 & 4.

6415645v1 896948 33

15. Redline's financials for the past year that states its net worth.

**RESPONSE:** Objection. This request is vague as to the term "financials," overbroad, seeks proprietary information and seeks irrelevant information as no class has yet been certified. If a class is certified, Redline will produce financial documents pursuant to a protective order to protect its proprietary and confidential information.

16. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE:** Redline will produce its insurance policy for inspection at a mutually convenient time and subject to an appropriate order of protection to prevent public disclosure of the policy details which only encourages copy-cat litigation against Redline. Redline possess sufficient insurance coverage for Plaintiff's claim.

Date: March 4, 2009

Respectfully submitted,

By: _____
One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 4th day of March 2009.

|   |   |
|---|---|
| ___ CM/ECF<br>_X_ Facsimile<br>___ Federal Express<br>_X_ Mail<br>___ Messenger | *Attorneys for Plaintiff(s)*<br>Curtis C. Warner<br>Warner Law Firm, LLC<br>Millennium Park Plaza<br>155 N. Michigan Ave. Ste. 737<br>Chicago, IL 60601<br>312.238.9820<br>312.638.9139 FAX<br>e-mail: cwarner@warnerlawllc.com |
|   | and |
| ___ CM/ECF<br>___ Facsimile<br>___ Federal Express<br>_X_ Mail<br>___ Messenger | Alexander Holmes Burke<br>Burke Law Offices LLC<br>155 N. Michigan Ave. Suite 732<br>Chicago, IL 60601<br>Phone No: (312) 729-5288<br>E-mail Address: aburke@burkelawllc.com |

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

/s/ Nabil G. Foster
Nabil G. Foster
One of the Attorneys for Defendant

6

6415645v1 896948 33

All inbound and out bound calls for 630-479-3271.
For period 8-22-08 - 1-14-09

Outbound calls are preceeded by a "1"
Inbound calls begin with the area code

| Extension | Date | Time | Duration | Dialed | City | State |
|---|---|---|---|---|---|---|
| 4664 | 9/2/2008 | 16:01 | 0:00:06 | 16304793271 | NORTHBKCEL | IL |
| 4697 | 9/10/2008 | 16:26 | 0:00:24 | 16304793271 | NORTHBKCEL | IL |
| 4697 | 9/10/2008 | 16:40 | 0:00:24 | 16304793271 | NORTHBKCEL | IL |
| 4697 | 9/15/2008 | 14:03 | 0:01:18 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 10/11/2008 | 9:11 | 0:00:54 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 10/13/2008 | 13:50 | 0:01:24 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 10/20/2008 | 15:06 | 0:01:06 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 10/27/2008 | 11:42 | 0:00:36 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 10/30/2008 | 10:50 | 0:00:30 | 16304793271 | NORTHBKCEL | IL |
| 4690 | 11/3/2008 | 11:36 | 0:01:12 | 16304793271 | NORTHBKCEL | IL |
| 4666 | 11/13/2008 | 13:32 | 0:01:12 | 16304793271 | NORTHBKCEL | IL |

RL000002

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 6153 |
| ) | |
| v. ) | Judge John A. Nordberg |
| ) | |
| REDLINE RECOVERY SERVICES, ) | Magistrate Judge Arlander Keys |
| LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, Redline Recovery Services, LLC ("Defendant"), by its attorneys, Anna-Katrina S. Christakis and Jeffrey D. Pilgrim (Grady Pilgrim Christakis Bell LLP, *of counsel*), responds to Plaintiff's Requests for Admissions, as follows:

### Responses

1. Redline's September 15, 2008, voice message for Plaintiff was a "communication" under 15 U.S.C. § 1692a(2).

   **Response:** Denied.

2. Redline's September 15, 2008, voice message for Plaintiff was a "communication" within the meaning of 15 U.S.C. § 1692d(6).

   **Response:** Denied.

3. Redline's September 15, 2008, voice message for Plaintiff was a "communication" within the meaning of 15 U.S.C. § 1692d(11).

   **Response:** Denied.

4. Redline is a "debt collector" under 15 U.S.C. § 1692a(2).

   **Response:** Denied; however, Defendant admits that under certain circumstances it is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5.     There are more than 40 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:**  Defendant is unable to admit or deny this request at this time.  Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector.  Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way.  Defendant's information technology staff continues to work on this task, but its efforts are not yet complete.  Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

6.     There are more than 40 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message not more than one minute in length during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:**  Defendant is unable to admit or deny this request at this time.  Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector.  Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way.  Defendant's information technology staff continues to work on this task, but its efforts are not yet complete.  Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

7.     There are more than 100 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:** Defendant is unable to admit or deny this request at this time. Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector. Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way. Defendant's information technology staff continues to work on this task, but its efforts are not yet complete. Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

8. There are more than 100 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message not more than one minute in length during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:** Defendant is unable to admit or deny this request at this time. Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector. Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way. Defendant's information technology staff continues to work on this task, but its efforts are not yet complete. Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

9. There are more than 1000 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:** Defendant is unable to admit or deny this request at this time. Defendant's records are organized by account, not by collector, call, or type of call made by a certain

collector. Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way. Defendant's information technology staff continues to work on this task, but its efforts are not yet complete. Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

10. There are more than 1000 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message not more than one minute in length during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:** Defendant is unable to admit or deny this request at this time. Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector. Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is possible to develop a method to query its data in such a way. Defendant's information technology staff continues to work on this task, but its efforts are not yet complete. Defendant expects that it will be able to provide a more meaningful response to this request when these queries are completed.

11. There are more than 5,000 persons with a telephone number with either an Illinois, Indiana, or Wisconsin area code who were left a voice message during a time period October 27, 2007 and ending October 27, 2008, by the same person acting on behalf of Redline who left a voice message for Plaintiff on September 15, 2008.

**Response:** Defendant is unable to admit or deny this request at this time. Defendant's records are organized by account, not by collector, call, or type of call made by a certain collector. Thus, Defendant cannot readily query its data in a way that would produce the results needed to accurately respond to this request; however, Defendant believes that it is

4