IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CV-6153 |
| v. ) | |
| ) | Judge John A. Nordberg |
| REDLINE RECOVERY SERVICE LLC, ) | Magistrate Judge Cole |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Nicholas Martin ("Plaintiff") has brought a class action under the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq*. against Defendant Redline Recovery Services, LLC ("Redline") alleging that that one of its employees, Ms. Edmonds, systematically violated the FDCPA by leaving voice mail messages to consumers that did not comport with sections d(6) and e(11) of the Act. Specifically, plaintiff alleges that the collector violated 15 U.S.C. §1692e(11) because she allegedly did not identify itself as a "debt collector" in these messages, and that the collector violated 15 U.S.C. §1692d(6) because she did not identify her employer, "Redline Recovery Services, LLC" in these messages. The employee/collector is not a defendant in the case; plaintiff's theory is that Redline is liable for its employee's actions.

Plaintiff issued discovery requests on January 8, 2009, and Redline responded, after a change of counsel and several agreed extensions, on March 4, 2009. The parties met and conferred telephonically several times, and in writing, and were unable to resolve these issues. The Court held a lengthy motion hearing on March 25, 2009, and made the following rulings on the motion.

**I. Discovery Rulings.**

**A. Policies, Practices and Procedures relating to telephone messages and telephone calls to consumers.**

Plaintiff issued Document Request 5 which requests: All manuals, memoranda, instructions and other documents which discuss, describe or set forth Redline's standards, criteria, guidelines, policies or practices relating to leaving a voice message for a consumer.

During the hearing, Plaintiff's counsel limited this request in scope to materials that were created or used during the proposed class period, October 27, 2007, through October 27, 2008. Redline does not dispute that this request asks for discoverable materials and the Court agrees. Redline has produced some materials responsive to this request, including its telephone scripts, an employee manual, its training manual and six recorded voice messages, and has agreed to search for other documents responsive to this request, such as earlier versions of such documents that were operative or created between October 27, 2007 and October 27, 2008.

The Court finds that recordings Redline made of telephone calls Ms. Edmonds during the class period are clearly discoverable, and orders that Redline make efforts to find those recordings. Redline shall produce the materials that it finds. If it cannot find the recordings, Redline shall state in an affidavit what efforts it has undertaken to obtain the recordings, and if it is unable to locate them explain why. Plaintiff's motion to compel document request five, including the 188 voice message recordings relating to the class members, is granted.

Redline is further ordered to produce the "Phone Log Records" as described by its counsel which has been stated where used to determine that during the putative class period 188 messages where left by Ms. Edmonds.

### B. The Net Worth of the Defendant and Supporting Documents.

Plaintiff has requested materials regarding Redline's "net worth," and argues that these materials are discoverable because damages to the class members are determined by the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(b). Toward that end, plaintiff issued interrogatory 9 and document request 15:
Interrogatory 9: Please state Redline's current net worth describing Redline's assets and their value and Redlines liabilities and their amounts and the date its financial statements were last audited.
Document Request 15: Redline's financials for the past year that states its net worth.

Defendant does not contest that its net worth is relevant to damages, and has produced two pages, numbered 2 and 6 of a "draft" financial statement for 2008, which includes a balance sheet.

Plaintiff's motion to compel additional information regarding Redline's net worth is granted in part and denied in part. The Court agrees that a defendant's net worth in an FDCPA class action is discoverable before class certification in order to assist the plaintiff in determining whether he should pursue certification because if a defendant has zero or a negative net worth the class would get nothing and certification would not be in the best interests of the class. However, the plaintiff has asked for too much; the universe of documents responsive to document request 15 as explained in open court is too broad and could encompass a vast amount of documents and would essentially amount to an audit of the company's financials.

Defendant is ordered to respond to interrogatory 9 with a statement of its net worth for 2008 along with a complete explanation of how it came to its conclusion. Defendant is also ordered to provide a description of its corporate structure and other relevant information, to help explain the disclosed net worth, including whether the two corporate entities mentioned on the documents produced, "Redline Recovery Services, Inc." and "ULQ, LLC" file consolidated tax returns. Defendant is also ordered to produce additional documentation of its net worth for 2008, but the Court declines to specifically identify what those additional documents should be. The Court suggests such documentation may include tax returns, applications for credit, complete audited financial statements or other financial records. The parties are instructed to meet and confer thoroughly as to the sufficiency of Redline's production in advance of bringing this issue back to the Court.

### C. Identities of the Class Members.

Plaintiff propounded interrogatories 6, 7 and 8 to determine the number of class members and the identities of the class members. Defendant agrees that the number of class members is

2

discoverable, and has produced the number: 188. The Court finds that, at this point in the case, the number of class members is sufficient, and denies the motion to compel without prejudice.

**D. Responses to Requests for Admission.**

The parties have agreed that Redline will revisit the request for admission responses that were prepared by previous counsel, and revise them as necessary. This portion of the motion to compel is therefore denied as moot.

**E. Electronic Discovery**

Plaintiff has requested that certain specific materials responsive to other document requests be produced in "native" format so that he may try to determine from metadata that may be contained in the documents, for example, what date telephone scripts were created and/or modified and what date any recordings were made. Plaintiff has requested that documents containing information concerning voice "scripts" and those recordings already produced by Redline be produced in their native format.

The Court finds that these requests are reasonable and compels their production. Redline has agreed to search for and if found, produce the telephone scripts and any recordings in the electronic file native format.

**F. Other Materials.**

<u>1. Information regarding plaintiff.</u>

Plaintiff issued document request one, which asked for:

Document Request 1: All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

Redline has produced some documents responsive to this request, including Redline's account notes. The Court finds that to the extent that other responsive materials exist and Redline discovers those other materials, Redline should produce any additional responsive materials. Plaintiff's motion to compel document request 1 is granted.

<u>2. Bona Fide Error Defense</u>

Plaintiff propounded discovery as to defendant's "bona fide error" defense in this case, too. See Interrogatory 3 and document request 3, 5, 6, 7, 8, 9 and 11. Under the FDCPA, 15 U.S.C. § 1692k(c), a defendant may choose to bring a defense to liability. Redline has chosen to assert such a defense.

The Court finds that Redline's response to interrogatory 3 is sufficient and Plaintiff's motion to compel with respect to interrogatory 3 is denied.

With respect to document requests 3, 5, 6, 7, 8, 9 and 11 the Court makes no finding as Redline intends to supplement its document disclosures with any additionally located materials relevant to the class period October 27, 2007, through October 27, 2008.

Plaintiff points out that Redline has indicated that it relied upon the advice of counsel in formulating its policies, practices and procedures designed to avoid the violations of the FDCPA alleged in this case. Plaintiff complains that none of the documents produced mention any attorney, and that Redline has not produced a privilege log.

The Court reserves ruling on this issue, and advises Defendant to take a position as to attorney-client privilege and its bona fide error defense as Redline at this juncture has not asserted it though its answer or in its interrogatory response. If reliance upon the advice of an attorney is part of the defense in this case, there may be a waiver of the attorney-client privilege. If Redline contends that these materials are privileged, and has properly preserved the privilege, then it must provide the plaintiff with a privilege log. See, *Ner-Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261 (N.D.Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D.Ill. 2008) and other decisions discussing privilege waiver.

The parties have not discussed these issues sufficiently for the Court to decide them. The court reserves ruling, and orders the parties to meet and confer further.

### G. Attorney's Fees for Prevailing Party

The Court is mindful that, in general, the prevailing party in discovery disputes is entitled to attorney's fees and costs. *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994). However, because Redline's counsel has only recently appeared in this case, the Court finds that the fee-shifting provisions of Fed.R.Civ.P. 37 are not appropriate, and declines to award either party attorney's fees or costs at this time. This issue will be revisited and reassessed again, later in the case with respect to any other motions that come before the Court, if necessary.

April 1, 2009
Date

UNITED STATES MAGISTRATE JUDGE
JEFFREY COLE